**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GUNNAR D. HUBER,**
   **Petitioner,**

vs.          **Case No. 3:04cv280/MCR/MD**

**DONALD F. BAUKNECHT,**
   **Respondent.**
_____

**REPORT AND RECOMMENDATION**

   This cause is before the court upon referral from the clerk.  Petitioner commenced this action on July 28, 2004 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1).  His sole claim was that the Federal Bureau of Prisons ("BOP") was wrongly interpreting 18 U.S.C. 3624(b)(1), thereby depriving him of the possibility to earn a maximum of 54 days of good conduct time for each of the years he was sentenced to serve.  As relief, he sought an order directing the BOP to recalculate his good time credit (doc. 1, p. 9).

   Petitioner subsequently filed a motion for default judgment based upon his belief that the BOP had not timely responded to his petition (doc. 14).  The undersigned recommended that the motion be denied (doc. 15).  The copy of this court's order (doc. 17) adopting the report and recommendation and denying the motion for default judgment was returned to the court on March 7, 2005 marked "Transferred or Released - Forwarding Order Expired" (doc. 18).  Petitioner has not filed a change of address form or otherwise notified the court of his new address.  Moreover, the Bureau of Prisons' website indicates that petitioner was released on May 19, 2005.  *See* www.bop.gov.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE due to petitioner's failure to keep the court informed of his current address, and because it appears the case is moot.

At Pensacola, Florida, this 18th day of August, 2005.


/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**